IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KERRY RANSOME,

                Petitioner,

    v.

JOSEPH TERRA, et al.,

                Respondents.

CIVIL ACTION
NO. 23-cv-475

## OPINION

Slomsky, J.                                                    May 14, 2024

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................ 1

II.   BACKGROUND ......................................................................................... 2

   A.  Post-Trial Procedural History ........................................................ 3

   B.  Ransome's § 2254 Petition ............................................................. 6

   C.  Magistrate Judge's Report and Recommendation ......................... 7

   D.  Ransome's Objections ................................................................... 9

III.  STANDARD OF REVIEW ....................................................................... 9

IV.  ANALYSIS ............................................................................................. 11

   A.  Law Regarding Ineffective Assistance of Counsel Claims under Strickland ............ 11

   B.  Ransome's Objection to the Magistrate Judge's Alleged Failure to Discuss
      Whether Trial Counsel's Strategic Choices Were Made After a Thorough
      Investigation of Law and Facts Will Be Overruled. ....................................... 13

i

**C.  Ransome's Objection to the Magistrate Judge's Reliance on <u>Commonwealth v.</u> <u>Majeed</u> Will Be Overruled.** ......................................................................... 17

**D.  Ransome's Final General Objection to the Magistrate Judge's Conclusion on His <u>Strickland</u> Claims Will Be Overruled** .................................................. 19

**V.  CONCLUSION** ................................................................................................. 21

## I.    INTRODUCTION

On February 17, 2017, after a non-jury trial in the Philadelphia County Court of Common Pleas, Judge Donna M. Woelpper convicted Petitioner Kerry Ransome ("Ransome") of aggravated assault, burglary, criminal trespass, simple assault, possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public in Philadelphia, possession of an instrument of the crime and recklessly endangering another person.[1]   On June 16, 2017, he was sentenced to an aggregate term of ten to twenty years' incarceration.   He is currently incarcerated at the State Correctional Institution—Phoenix in Collegeville, Pennsylvania ("SCI Phoenix").

On February 6, 2023, Ransome filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "§ 2254 Petition") alleging three claims.  (Doc. No. 1.)  Ransome later withdrew two of the claims, leaving only one claim for ineffective assistance of counsel.  (See Doc. Nos. 6, 7.)  On February 10, 2023, the Court referred the § 2254 Petition, with the one remaining claim, to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation (the "R&R").  (Doc. No. 4.)  This claim raised several instances in which Defendant asserts he was denied effective assistance of counsel.  On August 7, 2023, Magistrate Judge Sitarski issued her R&R, recommending denial of the § 2254 Petition.  (Doc. No. 19.)  On August 31, 2023, Petitioner filed Objections to the R&R.  (Doc. No. 20.)  For the reasons that follow, Ransome's Objections will be overruled, an evidentiary hearing will not be held because it is not warranted, and the R&R

---

[1]   Ransome was convicted for violating the following statutes:  18 Pa.C.S. §§ 2702 (aggravated assault), 3502 (burglary), 3503 (criminal trespass), 2701 (simple assault), 6105 (possession of a firearm prohibited), 6106 (firearms not to be carried without a license), 6108 (carrying a firearm in public in Philadelphia), 907 (possession of an instrument of crime) and 2705 (recklessly endangering another person).

will be approved and adopted.  Accordingly, Ransome's § 2254 Petition will be denied and a certificate of appealability will not be issued.

## II.    BACKGROUND

The relevant facts supporting the offenses for which Ransome was found guilty were summarized by Judge Donna Woelpper of the Philadelphia County Court of Common Pleas, who presided over Ransome's non-jury trial:

> At 7:30 P.M. on March 11, 2016, [Ransome] kicked open the door to Rashida Butler's residence, pointed a gun at her and her friend, and struck Ms. Butler in the head with the firearm before running away. [Ransome] and Ms. Butler had dated in the past but were no longer dating at the time of this incident. Ms. Butler was taken to the hospital by ambulance for a laceration to her forehead.

(Trial Court Opinion, 12/19/17, at 1-2) (record citation omitted).

On June 16, 2017, the trial court sentenced Ransome to the aggregate sentence of ten to twenty years in prison, which included a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714 ("two strikes" law).  On July 17, 2017, Ransome filed a timely notice of appeal from his conviction and judgment of sentence.  On July 20, 2017, Judge Woelpper ordered Ransome to file a concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).[2]  After retaining new counsel, Ransome filed a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  On December 19, 2017, Judge Woelpper issued an Opinion and Order vacating two of Ransome's

---

[2]    Pennsylvania Rule of Appellate Procedure 1925(b) states in pertinent part:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

2

firearm convictions[3] after concluding that the Commonwealth did not establish the length of the

gun Ransome possessed, but affirmed the judgment of sentence in all other respects.[4]  (Trial Court

Opinion, 12/19/17.)  Ransome appealed to the Pennsylvania Superior Court which affirmed Judge

Woelpper's decision only in an Order.  No opinion accompanied the Order.  See Com. v. Ransome,

201 A.3d 825 (table) (Pa. Super. Nov. 7, 2018).  Ransome next filed a petition for allowance of

appeal to the Pennsylvania Supreme Court, which was denied.  See Commonwealth v. Ransome,

2022 WL 1701759, at *1 (Pa. Super. May 27, 2022).

### A. Post-Trial Procedural History

On April 2, 2020, Ransome filed a timely pro se petition under the Post-Conviction Relief

Act ("PCRA") authorized by 42 Pa. Cons. Stat. §§ 9541, et seq.  Id.  As described by the Superior

Court in its Opinion:

> Ransome filed a timely PCRA petition, pro se, and supporting memorandum of law,
> raising claims of ineffective assistance of trial and appellate counsel for failing to
> "contact, interview, or depose [,] call[, or] subpoena witnesses who could have
> provided testimony that would have been exculpatory to [him]."  Pro Se PCRA
> Petition, 4/2/20, at 3.  Specifically, Ransome alleged that these witnesses could
> attest to the fact that he was the "rent payer" and "rental occupant" of the victim's
> apartment and, thus, would provide a defense to burglary.  Id. at 6.  William J.
> Ciancaglini, Esquire, was appointed as PCRA counsel and filed an amended PCRA
> petition.  On March 25, 2021, the PCRA court issued Pa.R.A.P. 907[5] notice of its

---

[3]    The convictions vacated were for violations of 18 Pa. C.S. §§ 6106 and 6108.

[4]    Because Ransome's sentence was based on a mandatory minimum sentence of ten to twenty years'
incarceration for the burglary conviction, pursuant to 42 Pa.C.S.A. § 9714, and a concurrent term
of five to ten years of incarceration for the aggravated assault and firearm convictions (See Trial
Court Opinion 12/19/17), he did not have to be resentenced when the two firearm convictions were
vacated.  (See id.)

[5]    The Superior Court of Pennsylvania mistakenly used the citation to Pa.R.A.P. [Pennsylvania Rules
of Appellate Procedure] in its Opinion, when the correct citation is to Pennsylvania Rule of
Criminal Procedure 907.  Pursuant to this Rule, the PCRA Judge did not write an opinion when it
ordered Ransome's PCRA Petition dismissed.

Pennsylvania Rule of Criminal Procedure 907 provides in pertinent part:

intent to dismiss Ransome's petition without a hearing.  Ransome did not file a response to the notice.  The PCRA court dismissed Ransome's petition on June 1, 2021.[6]

On June 29, 2021, Attorney Ciancaglini was relieved of his duties, and current counsel, John Belli, Esquire, was appointed to represent Ransome solely for the purpose of "pursu[ing] any applicable [collateral] appeal to the Superior Court of Pennsylvania." Order, 7/29/21.  Ransome filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On October 5, 2021, counsel filed a <u>Turner/Finley</u> "no-merit" letter seeking to withdraw on appeal. In his accompanying brief, counsel raises the following issue for our consideration:

> [Whether t]he PCRA court abused its discretion, and/or ma[d]e a mistake and/or error of law when it denied [Ransome] an evidentiary hearing and then post-conviction collateral relief on his claim alleging that trial counsel provided ineffective assistance of counsel by failing to call as defense witnesses[,] during [Ransome's] trial[,] Shirley Ransome[,] Donald Hamilton, and Probation Officer James

---

(1)  The judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.  The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

[6]  Specifically, he appealed the PCRA Court's Pennsylvania Rule of Criminal Procedure 907 notice of dismissal where the court stated:

Petitioner claims trial counsel was ineffective for failing to call the following witnesses: (1) Shirley Ransome, (2) Donald Hamilton, and (3) Probation Officer James Smither. Petitioner has failed to establish that he was prejudiced by the absence of the witnesses' testimony. Furthermore, as to Probation Officer James Smith, Petitioner has failed to identify the "other material facts" he would have provided.

(Rule 907 Notice, 3/25/21).  Shirley Ransome is Defendant's Mother and Donald Hamilton is the victim's landlord.

4

> Smith for the reasons set forth in [Ransome's] PCRA petition and
> counsel's amended petition?

> Turner/Finley Brief, 10/5/21, at 5.

Id. at *1-2.  Ransome then appealed the PCRA court's June 1, 2021 dismissal of his petition to the

Superior Court.

On May 27, 2022, the Superior Court issued an Opinion denying Ransome's appeal.[7]  The

Superior Court agreed with the PCRA Court's statement in the Rule 907 Notice that Ransome

failed to establish that he was prejudiced by the absence of Shirley Ransome and Donald

Hamilton's alleged testimony about whether he paid rent on the apartment and by his failure to

identify "other material facts" to show how Probation Officer James Smith's testimony would be

relevant.  Ransome, 2022 WL 1701759, at *3.  Specifically, the Superior Court found:

> Moreover, even if Ransome was paying the rent for the victim's residence at the
> time of the incident, Ransome conceded that he did not have a key to the residence
> and that, at the time of the incident, he was temporarily living with his mother.
> Additionally, Ransome never testified that he resided with the victim or that he had
> the right to enter her residence without her permission.  See 18 Pa.C.S.A. § 3502(b)
> (defense to burglary if "actor is licensed or privileged to enter").  Finally, even if
> Ransome's mother and the victim's landlord were to testify that Ransome paid rent
> on the victim's residence, it would not change the fact that he broke down the door
> to the residence, entered it without the victim's permission, and struck her in the
> head with a gun.  Accordingly, we agree with the PCRA court that Ransome could
> not succeed on an ineffectiveness claim for counsel's failure to call Ransome's
> mother and the victim's landlord where: (1) the victims' testimony would not have
> been beneficial under the circumstances of the case, and (2) Ransome cannot show
> that the witnesses' testimony would have been helpful to the defense.

> Finally, with regard to Probation Officer Smith, Ransome contends that the officer
> knew of "[e]vidence of the alleged victim's prior attempts to have [Ransome]
> falsely accused of crimes."  Pro Se PCRA Petition, 5/4/20, at 5.  Even if Probation
> Officer Smith would have testified that the victim had falsely accused Ransome of
> crimes in the past, it would not have been helpful to his current defense[,] where

---

[7]  Because the PCRA Court dismissed Ransome's Petition under Pennsylvania Rule of Criminal
Procedure 907 without an opinion, the Superior Court's Opinion was the first opinion addressing
Ransome's ineffective assistance of counsel claims.  See Ransome, 2022 WL 1701759, at *1.

> Ransome denied attacking the victim or even being in the vicinity of her residence at the relevant time.  Again, this ineffectiveness claim fails.  Id.

Id. (internal citations omitted).  Accordingly, the Superior Court affirmed the PCRA Court's dismissal.  Id. at *3-4.  Ransome then filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on January 10, 2023.  Ransome, 2022 WL 1701759, at *1.

### B.  Ransome's § 2254 Petition

On January 25, 2023[8], Ransome filed a pro se Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "§ 2254 Petition").  (Doc. No. 1.)  On March 6, 2023, Ransome requested to withdraw his § 2254 Petition's second and third requested grounds for relief because they were inadvertently pled.  (Doc. No. 6.)  On March 14, 2023, United States Magistrate Judge Lynne A. Sitarski granted Ransome's request and allowed him an additional twenty (20) days to file a memorandum in support of his remaining claim for habeas relief (Claim 1).  (Doc. No. 7.)  On March 7, 2023, Ransome filed his memorandum of law in support of his Habeas Petition (Doc. No. 13) and on May 17, 2023, Respondents filed their response (Doc. No. 11).

As discussed previously, Ransome's current § 2254 Petition raises one ground for habeas relief—an ineffective assistance of counsel claim under Strickland.[9]  (Doc. No. 1 at 10.)  He argues

---

[8]  Pennsylvania and federal courts employ the prisoner mailbox rule, pursuant to which pro se filings are deemed filed when given to prison officials for mailing.  See Perry v. Diguglielmo, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001).  In this case, Petitioner certified that he gave his habeas petition to prison officials on January 25, 2023, and it will be deemed filed on that date.  (Doc. No. 1, at 21).

[9]  In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test to establish ineffective assistance of counsel.  Under the first prong, it must be shown that counsel's performance was deficient by showing that "counsel's representation fell below an objective standard of reasonableness."  Workman v. Superintendent Albion SCI, 915 F.3d 928, 938 (3d Cir.

that his burglary conviction should be vacated because his trial counsel was constitutionally ineffective for failing to call witnesses to testify that he rented the apartment and therefore did not burglarize the apartment.  The witnesses are: (1) Donald Hamilton, (2) Shirley Ransome and (3) James Smith.  He argues that this deficient performance of his counsel prejudiced him because their testimony would have provided a defense to his burglary conviction.  (See Doc. Nos. 1, 13.)

### C.  Magistrate Judge's Report and Recommendation

On February 10, 2023, Ransome's § 2254 Petition was referred to Magistrate Judge Lynne A. Sitarski for a Report and Recommendation.  (Doc. No. 4.)  On August 7, 2023, Magistrate Judge Sitarski issued a Report and Recommendation (the "R&R") in which she recommended that Ransome's pro se Petition for Habeas Corpus (Doc. No. 1) be denied.  Judge Sitarski based this recommendation on her finding that Ransome's claim for ineffective assistance of counsel under the Sixth Amendment to the United States Constitution was properly denied on appeal by Pennsylvania state courts and that Ransome did not demonstrate that the state court's adjudication of his ineffectiveness claim was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence." (Doc. No. 19 at 11) (citing 28 U.S.C. § 2254(d)(1)-(2)).  Specifically, Judge Sitarski emphasized Strickland's "doubly deferential" standard on habeas appeal because a federal court ruling on a § 2254 petition must give deference both to the state court's rejection of a petitioner's Strickland claims and deference to the trial counsel's conduct.  (Id. at 6) (citing Premo v. Moore, 562 U.S. 115, 121-22 (2011)); see also Strickland, 466 U.S. at 689 (stating that courts must

---

2019) (internal quotation marks omitted) (quoting Strickland, 466 U.S. at 687-88).  Under the second prong, it must be shown that counsel's deficient performance prejudiced the defendant.  Id. (internal quotation marks omitted) (quoting Strickland, 466 U.S. at 694).  Specifically, under the prejudice prong, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.").

Then, in finding that the Superior Court properly applied the Pennsylvania standard of ineffective assistance of counsel claims that was not "contrary to clearly established federal law," Judge Sitarski concluded that Ransome was unable to satisfy the prejudice prong of Strickland. She stated as follows:

> Here, as explained by the Superior Court, the proffered witnesses' presumed testimony fails to undermine confidence in the outcome. Even if Petitioner or Ms. Ransome paid the rent or for repairs at the property, this alleged fact would not permit Petitioner (or Ms. Ransome) to enter without the victim's consent. Cf. Commonwealth v. Majeed, 694 A.2d 336, 338 (Pa. 1997) (even ownership of property does not provide a license or privilege to enter it where another has "exclusive possession of it"). As the court noted, Petitioner conceded that he was not residing at the property at the time of the break-in and had no key to it. Cf. id. (rejecting appeal of burglary conviction where appellant's estranged wife and children, "alone, occupied the home" and appellant "[b]y his own admission . . . was living apart from" them). Indeed, Petitioner's "very method of entry – kicking in the door . . . – further evidences" that he had no "license or privilege to enter the premises . . . ." Id.
>
> Nor is confidence in the trial's outcome undermined by the failure to call Probation Officer Smith to testify concerning the victim's alleged prior false criminal accusations against Petitioner because the evidence of guilt in this instance was overwhelming. Buehl v. Vaughn, 166 F.3d 163, 180 (3d Cir. 1999) (other overwhelming evidence of guilt prevents a habeas petitioner from establishing prejudice under Strickland). At trial, the victim's version of events was consistent with the testimony of Police Officer Joel Jean, who arrived on the scene in response to an emergency call. Officer Jean testified that when he arrived at the property, he observed blood smeared on the doorframe to the property, and he followed a trail of blood to a basement bedroom where he encountered the victim with a "very heavily" bleeding and lacerated forehead, "very frightened" and "crying hysterically." (N.T. 2/17/17 at 30-31, ECF No. 18-1). He explained that the victim's bedroom door looked as if it had been "forced open," with damage to the frame and the doorknob area. (Id. at 32).

(Id. at 9-10.) Accordingly, Judge Sitarski concluded that Ransome was unable to satisfy the prejudice prong under Strickland and recommended that his Petition for Writ of Habeas Corpus be denied without the issuance of a certificate of appealability.

**D. Ransome's Objections**

On August 31, 2023, Ransome filed Objections to the R&R in which he raised three arguments, all relating to his ineffective assistance of counsel claim under <u>Strickland</u>.  (Doc. No. 20.)  First, he objected to Judge Sitarski's finding that the Superior Court's denial of his ineffective assistance of counsel claim was not an "unreasonable application" of clearly established federal law based on his trial counsel's failure to investigate and call witnesses.  (<u>See</u> <u>id.</u> at 3.)  Second, he objected to Judge Sitarski's finding that he failed to satisfy the first prong of <u>Strickland</u> because he claims that Judge Sitarski failed to do a thorough analysis of his trial counsel's strategy at trial.  (<u>See</u> <u>id.</u> at 4.)  Finally, Ransome objected to Judge Sitarski's reliance on <u>Commonwealth v. Majeed</u>, 694 A.2d 336, 338 (1997) when she found that Ransome had relinquished any license or privilege to enter the premises.  (<u>See</u> Doc. No. 20 at 8.)

For reasons discussed <u>infra</u>, Ransome's Objections to the R&R will be overruled and the R&R will be approved and adopted.  No evidentiary hearing is required.  Accordingly, Ransome's § 2254 Petition will be denied.

**III.    STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.  Any party may file objections in response to the magistrate judge's report and recommendation.  <u>See</u> 28 U.S.C. § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  <u>Id.</u>  "The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions."  <u>Id.</u>  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned

consideration to the magistrate's report before adopting it as the decision of the court." <u>Henderson</u> <u>v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987); <u>see also</u> § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs objections to a magistrate judge's report and recommendation. Under the rule, the objecting party must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." <u>Savior v. Superintendent of Huntingdon SCI</u>, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). Upon review, "[a district judge] shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C). <u>De novo</u> review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. <u>Salve Regina Coll. v. Russell</u>, 499 U.S. 225, 238 (1991). "Although [the] review is <u>de novo</u>, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." <u>Owens v. Beard</u>, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980)).

However, objections to R&Rs are required to be aimed at a specific finding or recommendation; if objections are merely "'general in nature,' the court 'need not conduct a <u>de novo</u> determination.'" <u>United States v. McLaughlin</u>, 607 F.Supp.3d 522, 529 (M.D. Pa. 2022) (citing <u>Goney v. Clark</u>, 749 F.2d 5, 6-7 (3d Cir. 1984)). Where a petitioner's objections merely rehashes and reframes the underlying arguments set forth in their original petition, a court is not obligated to separately address any issue that was thoroughly and correctly analyzed by the magistrate judge. See <u>Morgan v. Astrue</u>, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009); <u>Nghiem v. Kerestes</u>, No. CIV. A.08–4224, 2009 WL 960046, at *1 n. 1 (E.D. Pa. Apr. 3,

2009) (declining to engage in additional review of objections where the objections merely re-articulated all the claims and theories for relief that were addressed and dismissed by the magistrate judge).

## IV.   ANALYSIS

As noted above, pro se Petitioner Kerry Ransome filed three Objections to the Magistrate Judge's R&R, all relating to his claims brought under Strickland for ineffective assistance of counsel.  (See Doc. No. 34.)  He objects to (1) Judge Sitarski's finding that the Superior Court's denial of his ineffective assistance of counsel claim was not an "unreasonable application" of clearly established federal law based on his trial counsel's failure to investigate and call witnesses, (2) Judge Sitarski's finding that he failed to satisfy the first prong of Strickland because he claims that Judge Sitarski failed to do a thorough analysis of his trial counsel's strategy at trial, and (3) Judge Sitarski's reliance on Commonwealth v. Majeed, 694 A.2d 336, 338 (1997) when she found that Ransome had relinquished any license or privilege to enter the premises.[10]  The Court will begin by addressing Petitioner's Objection to the Magistrate Judge's conclusion on the first prong of Strickland.

### A.  Law Regarding Ineffective Assistance of Counsel Claims under Strickland

As noted, ineffective assistance of counsel claims are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984) and have two prongs: (1) deficient performance and (2) prejudice.  See Bey v. Superintendent Greene SCI, 856 F.3d 230, 238 (3d Cir. 2017) (citing Strickland, 466 U.S. at 689-92, 694).  The performance prong is met where "counsel's representation fell below an objective standard of reasonableness."  Workman v. Superintendent Albion SCI, 915 F.3d 928, 938 (3d Cir. 2019) (internal quotation marks omitted) (quoting

---

[10]  While these arguments are not in the order that Ransome presents them, they still will be addressed out of turn in discussing each one.

Strickland, 466 U.S. at 687-88).  The prejudice prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. (internal quotation marks omitted) (quoting Strickland, 466 U.S. at 694). "[C]ounsel [is] not ineffective for failing to raise a meritless argument."  Real v. Shannon, 600 F.3d 302, 309 (3d Cir. 2010) (citing Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998)). Finally, "a court need not determine whether counsel's performance was deficient before examining . . . prejudice," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  Klein v. Superintendent Smithfield SCI, 844 Fed. Appx. 531, 537 (3d Cir. 2021) (citing Strickland, 466 U.S. at 697).

But most importantly, for Strickland claims brought under § 2254(d), "'[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable," which is "different from asking whether defense counsel's performance fell below Strickland's standard.'"  Davis v. Administrator New Jersey State Prison, 795 Fed. Appx. 100, 102 (3d Cir. 2019) (citing Harrington v. Richter, 562 U.S. 86, 101 (2011)).  As the Third Circuit held in Davis:

> Under § 2254(d), federal habeas relief may not be granted unless the earlier state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2).

Id.  Thus, "the standards created by Strickland and § 2254(d) are both 'highly deferential' . . . and when the two apply in tandem, review is 'doubly' so.'"  Harrington, 562 U.S. at 105 (citations omitted).

**B. Ransome's Objection to the Magistrate Judge's Alleged Failure to Discuss Whether Trial Counsel's Strategic Choices Were Made After a Thorough Investigation of Law and Facts Will Be Overruled.**

Ransome objects to Magistrate Judge Sitarski's finding regarding the first prong of Strickland. Specifically, he states that he "objects [to] Magistrate Sit[ars]ki's rationale that found trial counsel's failure to subpoena or call witnesses was a matter of strategy without ever analyzing whether counsel's strategic choices were made after a thorough investigation of law and facts." (Doc. No. 20 at 3-4.) This Objection will be overruled.

As discussed above, to satisfy the first prong of Strickland, a petitioner must establish that "counsel's performance was deficient," meaning that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, "[j]udicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Further, when a Strickland claim is brought under § 2254(d), the standard is "doubly deferential" because a federal court must be "highly deferential" to a state appellate court's resolution of the Strickland claim. Harrington, 562 U.S. at 105.

Here, the Magistrate Judge concluded that the Superior Court's analysis of Ransome's Strickland claims was proper because Ransome failed to show that the testimony of the three witnesses would have undermined confidence in the outcome, thus resting her conclusion on the second prong of Strickland that there was no prejudice. (See Doc. No. 19 at 8-10.) While the alleged potential testimony of the three witnesses will be discussed infra, the crux of Ransome's current Objection that the Magistrate Judge should have analyzed "whether counsel's strategic choices were made after a thorough investigation of law and facts." (Doc. No. 20 at 4.) This argument fails for two reasons. First, it is not required that a court discuss the first prong of

Strickland if a petitioner's claim fails on the second prong.  Specifically, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  Klein, 844 Fed. Appx. at 537 (citing Strickland, 466 U.S. at 697).  Here, Ransome's argument concerning his trial counsel's investigation and strategy falls under Strickland's first prong.  Thus, because Judge Sitarski properly held that his claim failed under the second prong of Strickland, she did not have to analyze the first prong.  See id.  ("a court need not determine whether counsel's performance was deficient before examining . . . prejudice.")

Second, Ransome's reliance on Showers v. Beard and Couch v. Booker for the proposition that a federal court analyzing a Strickland claim under § 2254(d) must do an analysis on whether counsel "undertook a thorough investigation before determining that the testimony of these witnesses[] were not necessary" is misplaced.  (See Doc. No. 20 at 6.)

In Showers v. Beard, the Third Circuit affirmed the district court's grant of habeas relief under Strickland because it found that the petitioner's trial counsel was deficient for "fail[ing] to investigate readily available key evidence in support of the defense's chosen theory."  635 F.3d 625, 632 (3d Cir. 2011).  There, at trial, petitioner was convicted of first-degree murder of her husband.  It was established that the cause of her husband's death was a lethal dose of Roxanol.[11] Id. at 626-27.  The Commonwealth had argued that Roxanol was capable of being masked and was administered surreptitiously or forcefully by defendant.  The defense argued to the contrary that the deceased committed suicide.  Id.  However, defense counsel never investigated whether a lethal dose of Roxanol could be administered surreptitiously or forcefully and never retained experts with the necessary scientific background to investigate the properties of Roxanol.  A defense expert had "advised [trial counsel] to secure a qualified expert to address the impossibility of disguising

---

[11]  Roxanol is a brand name for liquid morphine, which can be fatal in high doses.  Id.

Roxanol, and provided him with contact information for three potential witnesses." Id. at 627. The Third Circuit recognized that this inquiry was very fact specific.  It found that trial counsel improperly failed to investigate the properties of Roxanol.  This finding was strengthened both by the fact that counsel was provided information about experts and failed to contact them, and by the fact that the experts "could have led a jury to find that [petitioner's] husband voluntarily consumed the morphine.  Id. at 632.

In Couch v. Booker, the Sixth Circuit granted a petitioner's habeas petition because his trial counsel failed to obtain the fire department report that described the incident that led to his conviction for second-degree murder.  632 F.3d 241, 246 (6th Cir. 2011).  There, the Sixth Circuit's decision also hinged on counsel's failure to seek out evidence because "a lawyer cannot make a protected strategic decision without investigating the potential bases for it."  Id. (citing Strickland, 466 U.S. at 690-91.)  The Sixth Circuit opined that:

> [trial counsel] had no way of knowing, without first looking at the fire department report, whether he might (or might not) need an expert's assistance to understand how the report could support an alternative causation theory.

Id. at 247.

The facts in Showers and Couch are readily distinguishable from the facts in this case. Here, unlike Showers and Couch where the unexplored evidence would have supported the defense's theory at trial, the testimony of the three witnesses here would not have supported Ransome's theory at trial.  Ransome argues that he never should have been convicted of burglary because a defense to burglary is a license or privilege to enter.  (See Doc. No. 1 at 6) (citing 18 Pa.C.S.A. § 3502(b)).[12]  The three witnesses Ransome alleges that should have been called to

---

[12]  18 Pa.C.S.A. § 3502(b) states in pertinent part:

support this defense are (1) Donald Hamilton, the owner of the property where the incident

occurred (2) Shirley Ransome, Petitioner's Mother and (3) James Smith, his probation officer.

(Doc. No. 10-1 at 4-8.)  In Ransome's argument for how these witnesses would have supported

his defense he states:

> At the time of the incident Petitioner was factually lawful resident of the very property he's been convicted of burglarizing. Yet, after being arrested for the acts, Petitioner adamantly explained to counsel that Donald Hamilton was the person who owned the property and would have come forth to verify Petitioner was a legal rent paying resident; Petitioner explained to counsel Petitioner's mom, Shirley Ransome, was available for any questions and was willing to testify at any proceeding to clear Petitioner's name . . . as she on several occasions paid Petitioner's rent. And also paid out-of-pocket expenses for home-repairs of the very property and maintained in her possession receipts of such repairs; and despite the fact Petitioner's Probation Officer James Smith would have been able to identify Petitioner's previous probation officer who maintained an exculpatory report of Petitioner being previously assaulted by [the victim]. Yet, none of the person(s) Petitioner informed counsel about were either interviewed nor investigated by counsel. And most importantly counsel made no effort to subpoena nor summon either witness for Petitioner's trial.

(Id.) (cleaned up).  However, as the Superior Court determined:

> [E]ven if Ransome was paying the rent for the victim's residence at the time of the incident, Ransome conceded that he did not have a key to the residence and that, at the time of the incident, he was temporarily living with his mother. Additionally, Ransome never testified that he resided with the victim or that he had the right to enter her residence without her permission.  See 18 Pa.C.S.A. § 3502(b) (defense to burglary if "actor is licensed or privileged to enter").  Finally, even if Ransome's mother and the victim's landlord were to testify that Ransome paid rent on the victim's residence, it would not change the fact that he broke down the door to the residence, entered it without the victim's permission, and struck her in the head with a gun.  Accordingly, we agree with the PCRA court that Ransome could not succeed on an ineffectiveness claim for counsel's failure to call Ransome's mother and the victim's landlord where: (1) the victims' testimony would not have been beneficial under the circumstances of the case, and (2) Ransome cannot show that the witnesses' testimony would have been helpful to the defense.  Sneed, supra.

---

(b) Defense.—It is a defense to prosecution for burglary if any of the following exists at the time of the commission of the offense:

. . .

　　(3) that actor is licensed or privileged to enter.

16

> Finally, with regard to Probation Officer Smith, Ransome contends that the officer knew of "[e]vidence of the alleged victim's prior attempts to have [Ransome] falsely accused of crimes." <u>Pro Se</u> PCRA Petition, 5/4/20, at 5.  Even if Probation Officer Smith would have testified that the victim had falsely accused Ransome of crimes in the past, it would not have been helpful to his current defense[,] where Ransome denied attacking the victim or even being in the vicinity of her residence at the relevant time.  Again, this ineffectiveness claim fails.  <u>Id.</u>

<u>Ransome</u>, 2022 WL 1701759, at *3.  Accordingly, the case at bar is distinguishable from <u>Showers</u> and <u>Couch</u> where in those cases trial counsel failed to investigate evidence related directly to a plausible defense.  Here, Ransome's allegations do not rise to this level because Ransome's alleged defense of paying rent is contrary to his defense at trial that he was not there when the assault on the victim occurred.  (<u>See</u> Doc. No. 18-1 at 13, 15-16.)

In sum, Ransome's objection to the Magistrate Judge's purported failure to discuss whether his trial counsel made a reasonable investigation into all facts relevant to plausible defense strategies will be overruled because precedent dictates that a judge need not make that inquiry if the <u>Strickland</u> analysis rests on the prejudice prong.   In any event, the purported testimony that the witnesses would have provided would not have helped Ransome's case.

### C. Ransome's Objection to the Magistrate Judge's Reliance on <u>Commonwealth v. Majeed</u> Will Be Overruled.

Ransome next objects to Magistrate Judge Sitarski's reliance on <u>Commonwealth v. Majeed</u>, 694 A.2d 336, 338 (1997).  The Judge cited it as support for the theory that Ransome did not have a license or privilege defense to burglary.  (Doc. No. 20 at 8-10.)  He counters that <u>Majeed</u> is not controlling here because unlike the defendant in <u>Majeed</u>, he did not have a protection from abuse ("PFA") order, and he had not voluntarily relinquished any license or privilege he had to enter the premises nor was the victim granted exclusive possession of the property.  (Doc. No. 20 at 9.)  However, Ransome's objection will be overruled because the Magistrate Judge properly

relied on Majeed in finding that none of the purported evidence would have shown that Ransome had a license or privilege to enter the property.

In Majeed, the defendant was convicted of burglary after he forcibly entered a home exclusively owned by him, although occupied solely by his estranged wife and children at the time of the incident.  Majeed, 694 A.2d at 336.  Majeed's wife had a protection from abuse ("PFA") order against him.  The court in its opinion did not rely solely on the PFA as evidence that he relinquished his license or privilege to enter the house; it also relied on the fact that he was not living in the house at the time of the incident and "his very method of entry-kicking in the door, twice-further evidences that his license or privilege to enter the premises had expired." Id. at 338; see also Commonwealth v. Toro, 270 A.3d 1150 (table) (Sup. Ct. Pa. 2021) ("The fact that Appellant was required to use force to enter the apartment building and apartment, after being told not to, only underscores that he knew he had no license or privilege to enter.")  Here, the Magistrate Judge relied on Majeed for the general premise that "even ownership of property does not provide a license or privilege to enter it where another has 'exclusive possession of it.'"  (Doc. No. 19 at 9.)

Moreover, even if Ransome could show that he paid rent on the victim's property, it does not mean that he had a license or privilege to enter it.  (See id. (citing Majeed, 694 A.2d at 338).)  In Majeed, the wife gained "exclusive possession" of the home from a PFA Order; here the victim had exclusive control of the property because Ransome never lived there and no evidence was presented that showed that Ransome had a license or privilege to enter.

The defendant in Majeed kicked the door in.  Here, Defendant "broke down the door to the residence, entered it without the victim's permission, and struck her in the head with a gun." Ransome, 2022 WL 1701759, at *3.  Further, at trial, Ransome testified:

Q: You didn't have a key to the 2130 Shield Street basement where Ms. Butler [Ransome's assault victim] was staying; right?

Ransome: No, I didn't have a key.

Q: She had to let you in in order for you to get in; right?

Ransome: Exactly.

Q: So even though you stayed there, she didn't have a key made for you or anything like that.

Ransome: No.  Because it was a room that was too small for two people anyway. You only can fit one bed in this room.

Q: So even though you got the room for her, you never possessed a key to get in there.

Ransome: No.

(Doc. No. 18-1 at 14.)  Thus, while Ransome did not have a PFA order restricting his access to the victim like the defendant did have in <u>Majeed</u>, the other evidence brought out at trial was comparable to the evidence in <u>Majeed</u> to permit the Magistrate Judge to properly rely on <u>Majeed</u>.[13] Accordingly, Ransome's Objection will be overruled.

## D. Ransome's Final General Objection to the Magistrate Judge's Conclusion on His Strickland Claims Will Be Overruled

Ransome's final objection generally states that he objects to the Magistrate Judge's finding that the Superior Court's decision was not an unreasonable application of clearly established federal law.  (<u>See</u> Doc. No. 20 at 3.)  To support this argument, he points to his later arguments that the three witnesses' potential testimony would have undermined his burglary conviction at

---

[13] Further, other court decisions support the proposition that the alleged testimony of the three witnesses would not have overcome the evidence presented at trial to prove the burglary offense. <u>See</u> <u>State v. Herrin</u>, 453 N.E.2d 1104, 1105-06 (1982) (where a defendant "blasted his way into the side door" of a home jointly owned with his estranged wife, he was "living elsewhere" and his wife had "changed the door locks so defendant was unable to get in," thus shows that she "was in control and had custody of the premises and his entry constituted a burglary); <u>Toro</u>, 270 A.3d at *4 (finding that just because an individual was invited into a residence earlier, does not mean they had a license or privilege to enter later").

trial, thus arguing that the Superior Court's decision on his ineffective assistance of counsel claims based on failing to call those witnesses was an unreasonable application of federal law under Strickland.  (Id.)

As stated above, when a Strickland claim is brought under § 2254(d), the standard is "doubly deferential" because a federal court must be "highly deferential" to a state appellate court's resolution of the Strickland claim.  Harrington, 562 U.S. at 105.

Here, in applying the deferential standard, there is no evidence that the Superior Court resolved Ransome's claim in a way that was an unreasonable application of the clearly established federal law as set forth in Strickland.  Rather, the Superior Court properly analyzed the evidence presented at trial and concluded that none of the alleged potential testimony "would have been helpful to [Ransome's] current defense [of privilege] where Ransome denied attacking the victim or even being in vicinity of her residence at the relevant time."[14]    Ransome, 2022 WL 1701759, at *3.  In this regard, the Superior Court applied the following standard:

> [w]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [ ] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not per se ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy.

---

[14]  Ransome cannot have it both ways.  He cannot claim both that he was not present at the victim's residence during the attack, and later claim that his burglary conviction should be overturned because he paid rent and had a right to be there.

Ransome, 2022 WL 1701759, at *3 (quoting Commonwealth v. Sneed, 45 A.3d 1096, 1108-09

(Pa. 2012)).  As the Magistrate Judge properly found:

> Although this standard is not identical to the Strickland standard, the Third Circuit
> has held that "the Pennsylvania test is not contrary to the test set forth in
> Strickland."  Moore v. Diguglielmo, 489 F. App'x 618, 626 (3d Cir. July 18, 2012);
> Rolan v. Coleman, 445 F.3d 311, 316 (3d Cir. 2012) (analyzing an ineffectiveness
> claim for failure to call a witness by evaluating the state court's finding of whether
> a witness was willing to testify).  Thus, the use of the above standard was not
> "contrary to clearly established federal law."

(Doc. No. 19 at 8.)  Accordingly, the Superior Court applied the proper standard, and there is no

evidence that its analysis was an unreasonable application of Strickland.  Rather, as discussed

supra, the Superior Court analyzed each of the proffered witnesses' presumed testimony and found

that the testimony failed to undermine confidence in the trial's outcome.  Accordingly, Ransome's

Objection will be overruled.

## V.      CONCLUSION

For the foregoing reasons, Ransome's Objections to the R&R (Doc. No. 20) will be

overruled, and Ransome's § 2254 Petition (Doc. No. 1) will be denied.  There is no need for an

evidentiary hearing.  Moreover, no certificate of appealability will be issued because there has

been no substantial showing of the denial of a constitutional right.  An appropriate Order follows.